**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

WELLS FARGO BANK NORTHWEST, N.A., as Owner Trustee Under Trust Agreement (Hollinger Trust 1995-A) Dated as of September 15, 1995 between KeyCorp Leasing Ltd., Beneficiary, and First Trust Bank of Utah, National Association, Owner Trustee, as Amended and Restated as of March 17, 2004, formerly known as First Security Bank of Utah, National Association; and KEY CORPORATE CAPITAL INC., formerly known as KeyCorp Leasing Ltd,.

                      Plaintiffs,

v.                                                                                   No. 04-CV-1436
                                                                                        (GLS/DRH)
SUGRA (BERMUDA) LIMITED and HOLLINGER INC.,

    Defendants, Cross-Claimants, and Cross-Defendants.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| NOLAN & HELLER, LLP<br>Attorney for Plaintiffs<br>39 North Pearl Street<br>Albany, New York 12207 | RICHARD H. WEINER, ESQ. |
| PAUL, WEISS, RIFKIN, WHARTON<br>   & GARRISON LLP<br>Attorney for Defendant Sugra (Bermuda)<br>   Limited<br>1285 Avenue of the Americas<br>New York, New York 10019-6064 | ROBERT N. KRAVITZ, ESQ. |
| ROEMER WALLENS & MINEAUX LLP<br>Attorney for Defendant Sugra (Bermuda)<br>   Limited<br>13 Columbia Circle<br>Albany, New York 12203 | MATTHEW J. KELLY, ESQ. |

ROBERT J. ROCK, ESQ.
Attorney for Defendant Hollinger Inc.
60 South Swan Street
Albany, New York 12210

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

## MEMORANDUM-DECISION AND ORDER

Presently pending are the motions of (1) plaintiffs Wells Fargo Bank Northwest, N.A. and Key Corporate Capital Inc. ("plaintiffs") for an order pursuant to Fed. R. Civ. P. 20(a) and 21 granting plaintiffs leave to add Hollinger International Inc. ("Hollinger International") and Hollinger International Publishing Inc. ("HIPI") as defendants, and pursuant to Fed. R. Civ. P. 15(a) for leave to file and serve a second amended complaint, and (2) defendant Hollinger Inc. for an order pursuant to Fed. R. Civ. P. 14(a) granting leave to serve a third-party complaint against Hollinger International and HIPI.  Docket Nos. 50, 57.  Both motions are opposed by defendant Sugra (Bermuda) Limited ("Sugra").  Docket Nos. 62, 63.  For the reasons which follow, both motions are granted in all respects.

### I. Background

The facts are related herein in the light most favorable to plaintiffs and Hollinger Inc. See subsection II infra.

On or about September 15, 1995, plaintiffs leased an aircraft to Sugra.  Sugra was wholly owned by Hollinger Inc. through several other corporate entities and Hollinger Inc. guaranteed Sugra's financial obligations under the lease agreement.  Proposed Second Amended Compl. (Docket No. 50, Ex. A) at ¶¶ 8, 9.  On January 15, 2004, plaintiffs

terminated the lease and Sugra returned the aircraft to plaintiffs shortly thereafter. Id. at ¶¶ 15, 16. On October 15, 2004, plaintiffs demanded of Sugra and Hollinger Inc. that they pay plaintiffs a total of $5,049,744.65 for various obligations under the lease. Id. at ¶ 32. When Sugra and Hollinger Inc. failed to make such payment, plaintiffs commenced this action against those two entities alleging breach of contract. Docket No. 1.[1]

In their pending motions, plaintiffs and Hollinger Inc. contend that in June 2002, Hollinger International and HIPI, the wholly-owned subsidiary of Hollinger International, became the owners of Sugra through other wholly-owned entities. Proposed Second Amended Compl. at ¶¶ 58, 59; Proposed Third-Party Compl. (Docket No. 57, Ex. B) at ¶¶ 6, 7, 21, 22. Both plaintiffs and Hollinger Inc. seek to pierce the corporate veils. Plaintiffs now seek to assert breach of contract claims against Hollinger International and HIPI as direct defendants and Hollinger Inc. seeks to commence an action against the same entities seeking indemnification and subrogation.

## II. Discussion

Generally, freely granting the relief requested here by plaintiffs and Hollinger Inc. "facilitate[s] a proper decision on the merits" and identifies the material issues of the case. Foman v. Davis, 371 U.S. 178, 182 (1962). "Absent undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility, the motion should be freely granted." Quartino v. Tiffany & Co., 71 F.3d 58, 66 (2d Cir. 1995).

---

[1] Plaintiffs commenced the action in Albany County Supreme Court. The action was removed to this Court by Hollinger Inc. based upon diversity of citizenship. Docket Nos. 1, 4.

Sugra opposes both motions here on the ground that the addition of Hollinger International and HIPI would be futile for various reasons. Amending a complaint, commencing a third-party action, or adding a defendant is futile where the proposed pleading would not survive a motion to dismiss. Ricciuti v. N.Y.C. Transit Auth., 941 F.2d 119, 123 (2d Cir. 1991). Therefore, to determine whether the proposed amendment, third-party complaint, or addition of a party is futile, a court must apply "the same analysis as that applied on a motion to dismiss" under Fed. R. Civ. P. 12(b)(6). Stetz v. Reeher Enterprises, Inc., 70 F. Supp. 2d 119, 121 (N.D.N.Y. 1999) (McAvoy, C.J.); see also Lucente v. IBM Corp., 310 F.3d 243, 258 (2d Cir. 2002). Accordingly, the facts alleged by the moving parties are treated as true and are viewed in the light most favorable to that moving party. Ziemba v. Wezner, 366 F.3d 161, 163 (2d Cir. 2004).

Sugra's arguments for futility here are generally premised on factual assertions not found in the proposed pleadings and subject to proof by extrinsic evidence. For example, Sugra contends that plaintiffs have failed to show the existence of an agreement for Hollinger International and HIPI to answer for the debts of Sugra. See Sugra Mem. of Law (Docket No. 62) at 5-7. However, plaintiffs' proposed second amended complaint sufficiently alleges the existence of such an agreement, the parties to the agreement, its date, and its material terms. Proposed Second Amended Compl. at ¶¶ 58-60. Whether the proof of these allegations suffices is not for determination on these motions. Sugra further contends that plaintiffs have failed to show that the alleged agreement to assume Sugra's debts was in writing, without which enforcement is barred by the Statute of Frauds. Sugra Mem. of Law (Docket No. 62) at 7-9, see N.Y. Gen. Oblig. Law § 5-701(a)(2) (McKinney

4

Supp. 2005 ). However, given the nature and sufficiency of the allegations of the agreement in the proposed pleadings, the applicability of the Statute of Frauds depends on facts not contained within the proposed pleadings.

Similarly, Sugra opposes Hollinger Inc.'s motion on the ground that Hollinger Inc. is barred from relief against Hollinger International and HIPI because it was responsible for the alleged breach of contract. Sugra Mem. of Law (Docket No. 63) at 6-7. However, resolution of this contention requires consideration of evidence beyond the proposed third-party complaint. Sugra also contends that Hollinger Inc. fails to allege or show that the proposed third-party defendants made their agreement at the behest of Sugra. Id. at 8. However, such an allegation is not a necessary allegation for sufficiency and the cases cited in support by Sugra do not hold otherwise. Finally, Sugra contends that Hollinger Inc. has not shown an adequate basis to pierce Sugra's corporate veil. Id. at 9-11. The allegations of the proposed third-party complaint, however, adequately allege facts which, if proven, provide such a basis. The matters asserted by Sugra in support of this argument require consideration of matters outside the scope of that complaint. [2]

---

[2] Sugra further argues that allowing the third-party action would unfairly delay resolution of this case. Sugra Mem. of Law (Docket No. 63) at 12. However, the case is still in its early stages and plaintiffs have stated no opposition to Hollinger Inc.'s motion. See Docket No. 60 (plaintiffs' "Notice of Non-Opposition"). There is, therefore, no basis for this contention by Sugra.

### III. Conclusion

For the reasons stated above, both plaintiffs and Hollinger Inc. have sufficiently alleged facts supporting claims against Hollinger International and HIPI. Accordingly, it is hereby

**ORDERED** that:

1. The motion of plaintiffs for an order granting them leave to (a) add Hollinger International and HIPI as defendants, and (b) file and serve a second amended complaint (Docket No. 50) is **GRANTED** in all respects, and plaintiffs shall file the proposed second amended complaint on or before **December 9, 2005**;and

2. The motion of Hollinger Inc. for leave to file and serve a third-party complaint against Hollinger International and HIPI (Docket No. 57) is **GRANTED** in all respects, and Hollinger Inc. shall file the proposed third-party complaint on or before **December 9, 2005**.

**IT IS SO ORDERED.**

DATED: November 30, 2005
       Albany, New York

_David R. Homer_
United States Magistrate Judge